# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
03/13/2026
CT Log Number 551622870

## Service of Process Transmittal Summary

**TO:**     Jennifer Amato
The Hershey Company
19 E CHOCOLATE AVE
HERSHEY, PA 17033-1314

**RE:**     **Process Served in Michigan**

**FOR:**    The Hershey Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TAMMY KEEN, an individual // To: The Hershey Company |
| **CASE #:** | 26003810NP |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **PROCESS SERVED ON:** | The Corporation Company, Plymouth, MI |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 03/13/2026 |
| **JURISDICTION SERVED:** | Michigan |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Jennifer Amato  jamato@hersheys.com |
| | Email Notification,  Shayon Smith  ssmith6@hersheys.com |
| | Email Notification,  Cheryl Zak Lardieri  czlardieri@hersheys.com |
| | Email Notification,  Sherry McGlone  skmcglone@hersheys.com |
| | Email Notification,  Jennifer Oswald  joswald@hersheys.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.





**Hamilton Law**
Estate Planning, Business & Real Estate

**Kelsie G. Manion**
*Paralegal & Legal Assistant*

**Hamilton Law, PLC**
3431 Oakland Dr
Kalamazoo, MI 49008
Office: 269.488.8394
Fax: 269.488.8398
E-Mail: kelsie@hamiltonlawplc.com
Web: www.hamiltonlawplc.com

*Trusted Counsel · Transparent Fees · Tailored Solutions™*

**March 9, 2026**

Sent via U.S. First Class Certified Mail with Return Receipt Requested to:

The Hershey Company
c/o: Resident Agent: The Corporation Company
40600 Ann Arbor Rd E, Ste 201
Plymouth, MI 48170

> **Re:   Tammy Keen v. The Hershey Company**
> **Case No.: 26-003810-NP**

To Whom It May Concern,

Please be advised that this law firm represents Ms. Tammy Keen. To that end, enclosed please find a Summons, Complaint, and Jury Demand regarding the above-referenced matter.

Please acknowledge service on the second page of the Summons and return it to our office at your earliest convenience.

Please contact us, or have your legal representatives contact us, at your earliest convenience to further discuss. Thank you.

Sincerely,
/s/ *Kelsie G. Manion*

**Kelsie G. Manion**
*Paralegal & Legal Assistant*

Enclosures:

*This document may be confidential, protected by the attorney-client privilege, subject to the work-product doctrine, federal or state rules of evidence regarding offers to compromise or settle and or various other rules, law or doctrines barring unlawful disclosure.*

Original - Court 2nd Copy - Plaintiff
1st Copy- Defendant 3rd Copy -Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 26-003810-NP Hon.Adel A. Harb |
|---|---|---|

Court telephone no.: 313-224-2474

| Plaintiff's name(s), address(es), and telephone no(s) Keen, Tammy | v | Defendant's name(s), address(es), and telephone no(s). The Hershey Company |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no Philip Edward Hamilton 68814 3431 Oakland Dr Kalamazoo, MI 49008-2825 | | c/o Registered Agent: The Corporation Company 40600 Ann Arbor Rd E, Ste 201 Plymouth, MI 48170 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐_____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 3/5/2026 | Expiration date* 6/4/2026 | Court clerk Ibrahim Islam |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



**SUMMONS**
Case No. : **26-003810-NP**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                              Date and time

_____ on behalf of _____ .

Signature
_____

MCL 600.1910, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## IN THE 3rd CIRCUIT COURT FOR THE COUNTY OF WAYNE

TAMMY KEEN, an individual,

     Plaintiff,

v.

     Case No. 2026 - 003810 NP
     Judge

THE HERSEY COMPANY,
a Delaware Corporation foreign qualified
to do business in Michigan,

     Defendant.

Philip E. Hamilton (P68814)
Hamilton Law, PLC
3431 Oakland Dr
Kalamazoo, MI 49008
O: 269.488.8394
E: phil@hamiltonlawplc.com
Legal Assistant: kelsie@hamiltonlawplc.com
*Attorneys for Plaintiff*

There is no other pending or resolved civil action arising
out of the transaction or occurrence alleged in the complaint.

## COMPLAINT

Plaintiff Tammy Keen ("Plaintiff"), by and through her attorneys, Philip E. Hamilton, Esq.

of Hamilton Law, PLC & Hamilton Law, PLC, and for her Complaint against Defendant The

Hersey Company ("Defendant") allege as follows:

## INTRODUCTION

This is a products liability action arising from Defendant The Hershey Company's

manufacture and sale of black licorice candy containing glycyrrhizin, a compound known to cause

dangerous physiological effects including severe potassium depletion, hypertension, abnormal

heart rhythms, and bleeding complications when consumed in excessive amounts.

Despite longstanding scientific literature and public health warnings identifying these risks, Defendant sold its black licorice products without providing any warnings to consumers regarding the potential dangers associated with their consumption.

As a result of Defendant's failure to warn and defective product design, Plaintiff Tammy Keen suffered a catastrophic brain hemorrhage that has caused permanent neurological injury and profound life-altering impairments.

## PARTIES

1.     Plaintiff is an individual residing in Westland, Wayne County, Michigan.

2.     Defendant is a Delaware profit corporation foreign qualified to do, and doing business in Michigan, with a resident agent located at 40600 Ann Arbor Rd E, Ste 201, Plymouth, Wayne County, Michigan 48170.

## JURISDICTION & VENUE

3.     Jurisdiction is appropriate in this case, pursuant to MCL 600.601 et seq. and MCL 600.701 et seq., in Circuit Court because the amount in controversy exceeds $25,000.00 exclusive of costs and interest.

4.     Venue is appropriate in this case, pursuant to MCL 600.1621, in Wayne County, Michigan because the subject matter of this Complaint occurred in Wayne County, Michigan, and because Defendant conducts business and has a resident agent with a resident office in Wayne County, Michigan.

## GENERAL ALLEGATIONS

5.     Defendant is now, and at all times mentioned in this complaint was, in the business of producing and selling various food and beverage items, including certain black licorice products such as its Twizzlers and Good and Plenty brands.

2

6.     Black licorice contains the compound glycyrrhizin (also known as glycyrrhizic acid), which is the sweetening compound derived from licorice root.

7.     Glycyrrhizin can have very harmful effects on the body, such as causing potassium levels in the body to fall dramatically, and can create harmful imbalances in other minerals such as sodium.

8.     As a result, consumption of black licorice can cause people to experience abnormal heart rhythms, high blood pressure, edema (swelling), lethargy, and/or congestive heart failure.

9.     Black licorice can also act as an anti-coagulant, which can cause/exacerbate brain bleeds.

10.     Many black licorice products in the United States use one or more synthetic ingredients that mimic the flavor and smell of the black licorice root and that are safer.

11.     Defendant, however, has refused to use such substitutes, and instead continues to use the dangerous glycyrrhizin compound.

12.     Due to documented cases, the Food and Drug Administration (FDA) has issued warnings regarding the consumption of black licorice.

13.     The World Health Organization also recommends a maximum intake of 2 mg/kg per day of glycyrrhizic acid due to its potential adverse effects.

14.     Despite these warnings, however, Defendant has refused to place any warnings on its black licorice products.

15.     Upon information and belief, Defendant knew for years that its black licorice products posed a health threat.

16.     For example, in 2013, a group of researchers from Chicago's Mercy Hospital and Medical Center, citing to various medical studies going as far back as to the 1970's, published a

3

review in Endocrinology and Metabolism warning of the substantial threat that consumption of excess licorice posed to the cardiovascular system, including to the heart, due to the glycyrrhizin component contained therein.

17.     In 2015, a case study published in Pediatric Neurology detailed the account of a 10-year-old boy who suffered seizures after eating black licorice products, and recommended that black licorice candy-makers list a recommended daily dose or warning on their packaging.

18.     In 2018, Defendant was sued by a plaintiff in New York when its black licorice product was alleged to have caused permanent atrial fibrillation.

19.     In September 2020, a 54-year-old Massachusetts construction worker died when his heart stopped after he had begun eating black licorice.

20.     Despite this knowledge, Defendant did not place any warnings on its products, nor change any of the dangerous ingredients contained therein.

21.     Defendant's black licorice products contain no warnings that consumption of the black licorice product can lead to heart conditions, low potassium, anti-coagulant effects, or any of the other conditions described above.

22.     Plaintiff is an individual whose life has been substantially and detrimentally impacted due to Defendant's failure to warn consumers of the dangers of its black licorice products.

23.     Plaintiff is approximately 60 years old.

24.     In or about the summer of 2019, Plaintiff was eating large amounts of Defendant's black licorice product.

25.     On the evening of August 3, 2019, Plaintiff began experiencing a severe headache and left field vision loss.

4

26.     A CT of the head revealed acute parenchymal hemorrhage centered in the right parietal lobe with trace associated subarachnoid hemorrhage (i.e. a brain bleed and possible stroke).

27.     Plaintiff had had a prior history of heavy bleeding when on anticoagulants, which was due to a particular blood clotting disorder.

28.     Plaintiff was sent for various evaluations to try to figure out the cause for her injury.

29.     On or about December 2, 2019, it was thought for the first time that perhaps Plaintiff's injury had been caused by her consumption of black licorice prior to the event.

30.     This likely diagnosis was then confirmed on or about January 15, 2020. [1]

31.     Her physician noted that overconsumption of licorice can be associated with anti-Xa affect (anti-Xa effect refers to Factor Xa's coagulant effect; natural Licorice may prevent coagulation, leading to increased risks of things like brain bleeds.), which was supported by the presence of hypertension and hypokalemia at the time of the injury.

32.     As a result of her injury, Plaintiff has endured substantial pain and suffering, hospital stays, extended home health care, a loss of visual field in both eyes, severe neurological damage, severe memory damage, permanent cognitive impairment, permanent emotional damages, continued loss of quality of life, inability to perform certain normal daily functions, and an inability to work (Plaintiff used to be a teacher and professional opera singer; she can no longer perform basic mathematical computations and can no longer sing opera).

## COUNT I – STRICT PRODUCT LIABILITY

33.     Plaintiff repeats, restates, and realleges the above allegations as set forth below.

---

[1] This matter was attempted to be resolved with Defendant in conjunction with a similar case pending in the Middle District of Pennsylvania. The parties entered into a tolling agreement during the period of negotiation, which has now ended.

5

34.     At all times mentioned in this complaint, Defendant's black licorice products posed substantial health risks to consumers like Plaintiff, and thus was defective as to manufacture and warnings, causing the black licorice products to be in a dangerous and defective condition that made them unsafe for their intended use.

35.     There were no warnings included with the black licorice products.

36.     These black licorice products posed specific harms that were more dangerous than a reasonable consumer would expect.

37.     The black licorice products were defective when they left Defendant's hands.

38.     The defective condition of the black licorice products was a major and substantial factor in causing the injuries to Plaintiff described above.

39.     At the time of the occurrence of the injuries, the black licorice products were being used for the purpose and in the manner normally intended.

40.     Plaintiff would not have by the exercise of reasonable care discovered the defect or perceived its danger.

41.     By the exercise of reasonable care Plaintiff would not otherwise have averted her injury or damages.

42.     Had there been an adequate warning on the black licorice products, Plaintiff would have heeded the warning.

43.     As a direct and proximate result of the defective and dangerous condition of the black licorice products described above, Plaintiff suffered the injuries as described above.

44.     Accordingly, as a direct and proximate result of the defective and dangerous condition of the black licorice products described above, Plaintiff suffered general and special damages in an amount to be determined at trial, including for pain and suffering, mental anguish

6

and emotional distress, disability, loss of enjoyment, loss of consortium, medical expenses, lost income, and loss of future earnings.

45. Additionally, because Defendant was aware for years of the risk that its products posed, but did nothing to change its ingredients or warn consumers of the danger of the products, Defendant demonstrated conscious indifference and utter disregard for the effect of its product upon the health, safety and rights of others, and thereby acted wantonly and recklessly.

46. Accordingly, punitive damages should be awarded against Defendant.

### COUNT II – GENERAL NEGLIGENCE

47. Plaintiff repeats, restates, and realleges the above allegations as set forth below.

48. At all times mentioned in this complaint, Defendant so negligently and carelessly manufactured, tested, marketed, and/or sold its black licorice products that they were dangerous and unsafe for their intended use.

49. Defendant knew or should have known that the black licorice products posed a health risk for consumers, and therefore was defective.

50. As consumers of its products, Defendant had a duty to warn Plaintiff of the serious and latent dangers resulting from the foreseeable use of its products.

51. Defendant failed to warn Plaintiff of the serious and latent dangers resulting from the foreseeable use of the black licorice products.

52. As a direct and proximate result of Defendant's negligence, Plaintiff suffered the injuries and damage described above.

53. The injuries sustained by Plaintiff were caused without any negligence on the part of Plaintiff, but were due solely to the negligence, carelessness and recklessness of Defendant.

7

54.     Accordingly, as a direct and proximate result of Defendant's negligence, Plaintiff suffered general and special damages in an amount to be determined at trial, including for pain and suffering, mental anguish and emotional distress, disability, loss of enjoyment, loss of consortium, medical expenses, lost income, and loss of future earnings.

55.     Additionally, because Defendant was aware for years of the risk that its product posed, but did nothing to change its ingredients or warn consumers of the danger of the product, Defendant demonstrated conscious indifference and utter disregard for the effect of its product upon the health, safety and rights of others, and thereby acted wantonly and recklessly.

56.     Accordingly, punitive damages should be awarded against Defendant.

### COUNT III - NEGLIGENT FAILURE TO WARN

57.     Plaintiff repeats, restates, and realleges the above allegations as set forth below.

58.     Defendant knew or should have known that its black licorice products contained glycyrrhizin, a compound known to cause serious medical complications including hypokalemia, hypertension, arrhythmia, and increased risk of hemorrhagic events.

59.     Defendant knew or should have known that excessive consumption of black licorice posed a substantial risk of serious injury to consumers.

60.     Despite this knowledge, Defendant failed to provide adequate warnings or instructions to consumers regarding the risks associated with consumption of its black licorice products.

61.     Defendant failed to warn consumers that excessive consumption could cause dangerous potassium depletion, hypertension, abnormal heart rhythms, and bleeding complications.

62.     These dangers were not open and obvious to ordinary consumers.

8

63. A reasonable manufacturer in Defendant's position would have provided clear warnings regarding these risks.

64. Had Defendant provided adequate warnings, Plaintiff would not have consumed the product in the quantities that led to her injury.

65. Defendant's failure to warn was a direct and proximate cause of Plaintiff's injuries.

### COUNT IV - DESIGN DEFECT

66. Plaintiff repeats, restates, and realleges the above allegations as set forth below.

67. Defendant designed and manufactured its black licorice products using glycyrrhizin derived from licorice root.

68. The use of glycyrrhizin created an unreasonable risk of serious health complications including hypokalemia, hypertension, arrhythmia, and hemorrhagic events.

69. At the time the product was manufactured and sold, safer alternative designs were available, including the use of synthetic flavoring agents that replicate the flavor of licorice without the harmful physiological effects of glycyrrhizin.

70. The risks posed by Defendant's design outweighed the utility of the product.

71. Defendant failed to adopt safer alternative designs that would have significantly reduced or eliminated the risk of harm.

72. The defective design of Defendant's product was a substantial factor in causing Plaintiff's injuries.

### COUNT V - BREACH OF IMPLIED WARRANTY

73. Defendant is a merchant engaged in the business of manufacturing and selling food products.

9

74. Defendant impliedly warranted that its black licorice products were safe and fit for their ordinary intended purpose of human consumption.

75. Defendant's black licorice products were not reasonably safe for their intended use because they contained dangerous levels of glycyrrhizin without adequate warning.

76. The product was therefore not merchantable at the time it left Defendant's control.

77. Plaintiff consumed the product in a reasonably foreseeable manner.

78. As a direct and proximate result of Defendant's breach of implied warranty, Plaintiff suffered the injuries described herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests an award of damages, costs, reasonable attorneys' fees, and any other type of relief this Court deems reasonable and just. Further, Plaintiff is entitled to exemplary damages due to Defendant's reckless disregard for the safety and rights of consumers.

Respectfully submitted,

**HAMILTON LAW, PLC**

/s/ Philip E. Hamilton, Esq.

Date: March 5, 2026

_____
Philip E. Hamilton, Esq. (P68814)
Attorneys for Plaintiff

10

**STATE OF MICHIGAN**
**IN THE 3rd CIRCUIT COURT FOR THE COUNTY OF WAYNE**

TAMMY KEEN, an individual,

       Plaintiff,

       Case No. 2026 -*003810* - NP

v.                  Judge

THE HERSEY COMPANY,
a Delaware Corporation foreign qualified
to do business in Michigan,

       Defendant.

---

Philip E. Hamilton (P68814)
Hamilton Law, PLC
3431 Oakland Dr
Kalamazoo, MI 49008
O: 269.488.8394
E: phil@hamiltonlawplc.com
Legal Assistant: kelsie@hamiltonlawplc.com
*Attorneys for Plaintiff*

---

## JURY DEMAND

Plaintiff hereby demands that all issues in the within cause be tried by a jury pursuant to

MCR 2.508(B)(1).

                  Respectfully submitted,

                  **HAMILTON LAW, PLC**

                  /s/ Philip E. Hamilton, Esq.

Date: March 5, 2026

                  Philip E. Hamilton, Esq. (P68814)
                  Attorney for Plaintiff